UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| RAYMOND LEAL,<br><br>Plaintiff,<br><br>v.<br><br>RON NEAL,<br><br>Defendant. | CAUSE NO. 3:26-CV-909-JD-JEM |

OPINION AND ORDER

Raymond Leal, a prisoner without a lawyer, filed a complaint alleging that the warden of Indiana State Prison failed to prevent his brother, Louis Vela, Jr., from committing suicide in that facility in 2024. ECF 2. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Leal's complaint does not state a claim upon which relief may be granted. Leal cannot pursue this claim on his own behalf for the loss of his brother. *See Bell v. City of Milwaukee*, 746 F.2d 1205, 1248 (7th Cir. 1984) (declining to extend constitutional protection to relationship between siblings for purposes of recovery under 42 U.S.C. § 1983), *overruled on other grounds by Russ v. Watts*, 414 F.3d 783 (7th Cir. 2005) (parents of

police shooting victim could not recover under § 1983). Leal also cannot proceed on his brother's behalf because there is no indication in his complaint that he is the administrator of his brother's estate, and even if he were, he cannot represent that estate pro se unless he is the sole beneficiary of the estate. *Malone v. Nielson*, 474 F.3d 934, 937 (7th Cir. 2007).

If Leal believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS Raymond Leal until **November 19, 2026**, to file an amended complaint; and

(2) CAUTIONS Raymond Leal if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on October 15, 2026

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT